**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN H. ESCOBAR, | No. 10-16946 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00249-SRB |
| and | |
| CITY OF FLAGSTAFF; CITY OF SAN LUIS; CITY OF SOMERTON; CITY OF TOLLESON, | MEMORANDUM* |
| Intervenor-Plaintiffs, | |
| v. | |
| JAN BREWER, Governor of the State of Arizona, in her official and individual capacities, | |
| Defendant - Appellee, | |
| and | |
| CITY OF TUCSON, a municipal corporation; CITY OF PHOENIX, | |
| Defendants. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted November 18, 2011
San Francisco, California

Before: FARRIS, NOONAN, and BEA, Circuit Judges.

The district court dismissed this case on the ground that plaintiff-Appellant Escobar lacks standing to bring his challenges to Arizona's 2010 immigration law known as S.B. 1070. On appeal, Escobar contends: (1) that he has standing as a police officer "mandated to enforce S.B. 1070,"; (2) that he has standing to challenge the law as a "Hispanic residing in Arizona,"; and (3) in the alternative, the court should have granted Escobar leave to amend his complaint. All of these contentions fail, and we affirm the district court in all respects.[1]

Escobar contends that "if he refuses to enforce the Act, he can be disciplined by his employer or subjected to costly enforcement actions," but if he enforces it he "can be subjected to costly civil actions alleging the deprivation of civil rights of the individual against whom he enforces the Act." This theory of standing is

_____

[1] Because the parties are familiar with the facts of the case, we repeat them here only as necessary to explain our decision. Our jurisdiction is pursuant to 28 U.S.C. § 1291, and jurisdiction below was pursuant to 28 U.S.C. § 1331.

foreclosed by this court's decision in *City of S. Lake Tahoe v. Cal. Tahoe Reg'l Planning Agency*, 625 F.2d 231 (9th Cir. 1980), which is directly on point.

Nor does Escobar have standing to challenge S.B. 1070 as a "Hispanic residing in Arizona," since he has alleged insufficient facts in his complaint that could allow a court to infer injury on this basis. Mere conclusory allegations are not enough to establish the "concrete and particularized" injury required for standing under Article III. *See, e.g.*, *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1006 (9th Cir. 2011).

Finally, the district court was not required to dismiss the complaint with leave to amend. Escobar never requested leave to amend and "[w]here a party does not ask the district court for leave to amend, the request [on appeal] to remand with instructions to permit amendment comes too late." *Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000).

For the foregoing reasons, the decision of the district court is AFFIRMED.